IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA M. MAYFIELD and KARA MITCHELL, | ) ) ) |
| Plaintiffs, | ) ) ) No. 17 CV 1692 |
| v. | ) ) Magistrate Judge Michael T. Mason ) ) |
| VICTORIA LIPNIC, Acting Chair, United States Equal Employment Opportunity Commission, d/b/a EEOC, | ) ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION ORDER

For the reasons set forth below, the motion to dismiss, or alternatively for summary judgment, filed by defendant Victoria Lipnic, Acting Chair, United States Equal Employment Opportunity Commission, d/b/a EEOC ("defendant") [31] as to plaintiff Kara Mitchell ("Mitchell") is granted.

# FACTUAL BACKGROUND[1]

## Procedural History

---

[1] The following facts are compiled from defendant's Rule 56.1(a)(3) Statement of Facts and from Mitchell's response. A court in the Northern District of Illinois is "entitled to limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' statements." *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000) (citations omitted). Under Local Rule 56.1, in the event of noncompliance, the movant's assertions of fact are deemed admitted, regardless of contrary evidence in the record. *Id.* It should be noted that many of the facts advanced by Mitchell were not accepted due to the failure to comply with Local Rule 56.1 in the following ways: (1) not including a concise response to movant's statements in accordance with Local Rule 56.1(b)(3); and (2) providing new factual assertions in her response without filing a Statement of Additional Facts in violation of Local Rule 56.1(b)(3)(B). *See Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Cichon v. Exelon Generation Co.*, No. 02-CV-3441, 2003 WL 22169761, at *1 (N.D. Ill. Sept. 18, 2003).

Mitchell is a 66-year old African American female, who has been employed as an investigator by the EEOC since May 12, 2008. On July 5, 2017, she filed her amended complaint under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). She alleges that she was subject to discrimination on the basis of race, sex, and national origin. According to Mitchell, she was transferred to a "racially insensitive" supervisor, which resulted in downgraded performance reviews. (Second Amended Complaint ("Complaint") at ¶ 25.) Mitchell further asserts that (1) she was denied a promotion; (2) she suffered retaliation for bringing charges of discrimination; and (3) she was subject to a hostile work environment, which caused her "medical and emotional problems." (*Id.* at ¶¶ 21-22.)

In 2015, Mitchell filed a complaint with defendant's internal RESOLVE program. The mediation process through RESOLVE was unsuccessful. Mitchell did not file a formal complaint with the EEOC's office for any of the claims alleged in her Second Amended Complaint. According to defendant's uncontested Statement of Facts ("SOF"), "[p]articipation in the RESOLVE program is an 'alternative' to both (1) the EEO complaint process-in which an aggrieved person files a formal complaint-and (2) the negotiated union grievance process-in which an individual filed a grievance by and through a union representative." (SOF at ¶ 10.) "Participation in RESOLVE is not equivalent to filing an administrative EEO complaint." (*Id.* at ¶ 11.)

Additionally, Mitchell is a member of the American Federation of Government Employees ("AFGE") Union, Local 3504, and subject to the Collective Bargaining Agreement with the EEOC. She elected to file a union grievance under the negotiation grievance procedure on January 26, 2016 when she filed a Step 1 grievance with the

agency. The agency responded, and Mitchell filed a Step 2 grievance with the agency on July 6, 2016. The agency responded on August 24, 2016, but Mitchell did not file a Step 3 grievance or pursue her claim to arbitration.

It is defendant's position that Mitchell's complaint should be dismissed for two separate reasons: (1) that she failed to exhaust her administrative remedies; and (2) her failure to promote claim is barred by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et. seq.*, as well as 29 C.F.R. § 1614.301(a). According to defendant, "[w]hether this motion is construed as a motion to dismiss or a motion for summary judgment depends on which of the above two grounds the court chooses to dismiss the complaint." (Reply at 2.)

## **DISCUSSION**

According to defendant, summary judgment is warranted because Mitchell failed to exhaust her administrative remedies when she did not pursue an EEO administrative claim within 45 days of the alleged discriminatory act. In the alternative, defendant also argues that Mitchell's claim is barred by the CSRA as well as 29 C.F.R. § 1614.301(a) because she chose to pursue her failure to promote claim through the union grievance process.

**Administrative Remedies**

The deadlines for administrative exhaustion requirements for EEO cases are taken as statute of limitations and not jurisdictional prerequisites; therefore, defendant maintains that this issue should be construed as one for summary judgment. *See Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995). Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party,

3

reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Johnson v. Advocate Health and Hospitals Corp.,* 892 F.3d 887, 893 (7th Cir. 2018).  The moving party's initial burden may be satisfied if it points out "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  "All evidence and inferences must be viewed in the light most favorable to the nonmoving party." *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries,* 328 F.3d 309, 320 (7th Cir. 2003) (internal citations omitted).

Under 29 C.F.R. § 1614.105(a), aggrieved persons must consult an EEO counselor prior to filing a complaint within 45 days of the matter alleged to be discriminatory.  An individual may bring a civil action in federal court after timely seeking EEO counseling and filing a formal complaint.  29 C.F.R. § 1614.310.  Accordingly, the jurisdictional prerequisites to a federal action are: (1) file timely charges of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's statutory notice of the right to sue.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (*citing* 42 U.S.C. §§ 2000e—5(a) and 2000e—5(e)); *see also Martinez v. United Auto., Aerospace & Agr. Implement Workers of Am., Local 1373*, 772 F.2d 348, 350 (7th Cir. 1985) ("[I]f you do not file a timely charge with the EEOC, you cannot bring a suit under Title VII.").

Accordingly, before a plaintiff can sue under Title VII, she must exhaust her administrative remedies.  *Doe v. Oberweis Dairy*, 456 F.3d 704, 712 (7th Cir. 2006) ("We are quite aware that exhaustion of administrative remedies is required when the Title VII plaintiff is a federal employee.")  "The purpose of these requirements is both to

give the Commission a chance to investigate the charge and decide whether to sue, and to encourage the complainant and the employer, with or without the state agency's or EEOC's assistance, to resolve their dispute informally." *Id.; see also Warr-Hightower v. Illinois Cent. Coll.*, No. 17-CV-01153JBMJEH, 2017 WL 5484671, at *4 (C.D. Ill. Nov. 15, 2017).

"[C]laims will be 'barred if the [45] day requirement is not satisfied and there is no occasion for equitable tolling.' " *Marciniak v. Brennan,* No. 16-CV-4178, 2017 WL 8200181, at *2 (N.D. Ill. Dec. 14, 2017) (*citing Oberweis Dairy,* 456 F.3d at 708). Plaintiff may "raise equitable arguments, such as tolling, waiver, and estoppel, that might excuse [her] failure to comply with the time limitation." *Everage v. Runyon*, 998 F.2d 1016, 1993 WL 272503, at *3 (7th Cir. 1993) (unpublished). However, the case must be dismissed if a plaintiff fails to justify tolling the limitations period. *Id.* (citation omitted). Because issues of tolling, waiver, and estoppel require facts outside of the pleadings, the Court construes defendant's motion as one for summary judgment based on the failure to exhaust administrative remedies.

Here, instead of filing an EEOC complaint, Mitchell filed a union grievance. According to defendant, and corroborated in its uncontested Statement of Facts, because Mitchell did not file an administrative EEOC complaint, she did not even initiate, much less exhaust, her administrative remedies under Title VII or the ADEA. In her response [39], Mitchell refutes defendant's assertion that she failed to exhaust her administrative remedies by providing the deposition transcript of her union representative, who testified about the remedies available. Mitchell further asserts that she "entered the administrative process accorded her" by making an inquiry to the

AGFE and then filing a union grievance. (Resp. at 3.) According to Mitchell, she resumed the grievance process after RESOLVE was unsuccessful, only to eventually learn that her union president did not raise her grievance to the arbitration level. Mitchell submits that it was at this time that she sought legal counsel and that "[t]he EEO complaint process was closed to her as she had not pursued her claims within the required 45 days of the discriminatory act." (Resp. at 3.)

Mitchell contends that the RESOLVE process is "encouraged in the CDO employee break room as the administrative resource for handling employment complaints." (Resp. at 5.) However, the document cited in support of this statement is her affidavit regarding a co-worker's complaints of racial discrimination and does not substantiate her statement. (Resp. at Ex. D.) Notably, Mitchell does not properly submit her supposed evidence such that it can be taken as fact, nor does she actually provide exhibit citations for the majority of her statements. As previously stated, Mitchell did not comply with Local Rule 56.1 in her response to the motion for summary judgment by challenging any of defendant's Statement of Facts or providing her own for the Court to consider. *See supra* FN 1. Consequently, this Court takes as true the facts provided in defendant's uncontested SOF. *Bordelon,* 233 F.3d at 529

Moreover, it should be noted that the Amended Complaint, contains a section detailing "Administrative Compliance." Within that section, plaintiffs state that plaintiff Mayfield filed two EEO complaints, and that Mitchell filed her complaint with the internal RESOLVE program. Therefore, it is undisputed that Mitchell did not file an EEO complaint. Instead, the issue is whether the means by which Mitchell did complain satisfy the administrative requirements.

The Handbook for the Resolve Program ("Handbook") specifically states that "the RESOLVE Program cannot guarantee that the mediation process will be completed prior to the expiration of the filing deadlines for other dispute resolution processes. Therefore, it is incumbent on employees to take the action necessary to preserve their rights." (SOF at Ex. 4 p. 5.) Further, when addressing the EEO process for discrimination cases, the Handbook highlights that "**the RESOLVE program does not satisfy the requirement to contact an EEO Counselor within 45 days of the date of the alleged discrimination.** Accordingly, individuals wishing to pursue the EEO complaint process must initiate EEO Counselor contact within 45 days." (*Id.* at p. 6) (emphasis in original.) Pursuant to the Handbook, extensions of time are allowed for the EEO complaint process if they are sought during the RESOLVE process; however, it does not appear as though Mitchell ever initiated the EEO complaint process or sought an extension.

Based on the record before the Court, Mitchell did not initiate any actions that satisfy the administrative requirements. In her response, she even acknowledges that the EEO complaint process was closed to her; however, she contends that "filing an EEO Complaint is not a requisite avenue for employment disputes[.]" (Resp. at 7.) Again, this statement is made without any case law or evidence to support her assertion.[2]

Therefore, we turn to whether she can raise any equitable arguments to justify her failure to comply. She contends that she only sought legal counsel after her union grievance was "kicked back to the CDO [Chicago District Office] where it took another

---

[2] Prior to this statement, she asserts that three administrative remedies are available: EEO complaint process, RESOLVE, or filing a union grievance. Her exhibit citation for this statement is, however, incomplete and is not properly presented such that it can be considered fact.

7

year before the union was able to resume a course of action and because of the more recent inabilities of both the union and RESOLVE to be satisfactory[.]" (Resp. at 3.) Again, these statements are unsupported, and Mitchell has not put forth any facts to support a tolling or estoppel argument. More specifically, she does not allege or establish that the EEOC misrepresented anything, that extraordinary circumstances prevented her from timely filing, or that the EEOC prevented her from seeking EEO counseling within 45 days of the alleged discriminatory act. Further, she does not allege any misconduct on the part of the EEOC. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (A claim to apply equitable tolling requires plaintiff to show that (1) she has been pursuing her rights diligently; and (2) that an extraordinary circumstance prevented timely filing.); *See also Olson v. Bemis, Co.,* 800 F.3d 296, 306 (7th Cir. 2015) (*quoting Kennedy v. U.S.,* 965 F.2d 413, 417 (7th Cir. 1992) ("The traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel.")

Consequently, we find that Mitchell failed to exhaust her administrative remedies and does not put forth any evidence to support equitable tolling or estoppel. Accordingly, we grant defendant's motion for summary judgment and dismiss the complaint.

**Failure to Promote Claim**

Although we have found that Mitchell failed to exhaust her administrative remedies, we will also address defendant's argument that her failure to promote claim is barred by statute. Defendant asserts that Mitchell's failure to promote claim is barred by

statute because she chose to raise the claim through the union grievance process, not the EEO process. Therefore, it is defendant's position that Mitchell's failure to promote claim may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Under this rule, a motion to dismiss should be granted if plaintiff's pleadings lack subject-matter jurisdiction. *See Tucker v. Astrue*, 738 F. Supp.2d 835, 838-39 (N.D. Ill. 2010) (Defendant argues that the court lacks subject matter jurisdiction because plaintiff pursued his employment discrimination claim through a union process rather than the EEO process; therefore, the motion is properly treated as a 12(b)(1) motion to dismiss.)

The CSRA provides "a comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." *Ayrault v. Pena*, 60 F.3d 346, 347 (7th Cir. 1995). Under the CSRA, a federal employee alleging discrimination may raise the matter through a union-negotiated grievance procedure or a statutory procedure, but not both. 5 U.S.C.A. § 7121(d); *Tucker,* 738 F. Supp. 2d at 838-39. "Allowing resort to alternative remedies for complaints about matters within the statute's scope would undermine the CSRA because the statute 'prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review.' " *Ayrault*, 60 F.3d at 347-48 (*quoting United States v. Fausto*, 484 U.S. 439, 443 (1988).

Further, the EEOC regulations state that "an aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part [...]" 29 C.F.R. § 1614.301(a). Consequently, because Mitchell pursued her failure to promote claim through the union grievance process, she is

therefore barred from pursing the same claim through the EEO process. *See Tucker,* 38 F. Supp. 2d at 838-39 (*quoting* 29 C.F.R. § 1614.107(a)(4) ("The EEOC will dismiss 'an entire complaint […] where the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination[.]"))

Notably, Mitchell does not specifically address defendant's argument or why her claim should not be considered barred under the CSRA. Instead, her response focuses on why she pursued remedies through the union grievance process and RESOLVE. Only briefly does she state that the union failed to follow the proper procedure in handling her claim, but, again, her statement lacks any support in the record or argument as to why that should negate the CSRA standards.

Based on the record before the Court, Mitchell chose to pursue her claim through the union grievance process. Therefore, pursuant to the CSRA and 29 C.F.R. § 1614.301(a), her failure to promote claim should be dismissed because it is precluded as a matter of law.

## CONCLUSION

Based on the foregoing analysis, we grant defendant's motion for summary judgment and motion to dismiss with respect to Mitchell's claims.

**Date: October 3, 2018**

　　　　　　　　　　　　　　　　　　　　　　　　　　
**Michael T. Mason
United States Magistrate Judge**